GRACE *v.* DOGAN, SHERIFF.*

(Division A.   June 11, 1928.   Suggestion of Error Overruled July 18, 1928.)

[117 So. 596.   No. 27294.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 76, n. 19; Extradition, 25CJ, p. 269, n. 68; Habeas Corpus, 29CJ, p. 168, n. 62; p. 188, n. 14; p. 195, n. 89; Governor's warrant in extradition proceeding as presumptive evidence that accused is charged with crime and a fugitive from justice, see 11 R. C. L. 733; 4 R. C. L. Supp. 717; 5 R. C. L. Supp. 615.

*John M. Kuykendall* and *Galloway & Weinstein,* for appellant.

270

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

*C. P. J. Mooney,* for appellee, Dogan.

Argued orally by *A. E. Weinstein* and *John M. Kuyken-dall,* for appellant, and *C. P. J. Mooney* and *J. A. Lauderdale,* for appellee.

Cook, J. The appellant, John Edwin Grace, was arrested and placed in jail in Tallahatchie county, Miss., on a warrant issued out of the court of J. H. Klinck, justice of the peace of Shelby county, Tenn., charging him with the murder of one John E. Levy.

On the 10th day of February, 1927, the Governor of Tennessee made application to the Governor of Mississippi for the delivery of said Grace as a fugitive from justice, and made and appointed W. C. Lemmer as agent to receive the said Grace and return him to the state of Tennessee; such appointment being in the following language:

"The State of Tennessee, Executive Chamber.

"To all to Whom These Presents Shall Come—Greeting:

"Whereas, it has been made to appear that Ed Grace of our county of Shelby stands charged with the crime of murder, and it has been represented that he, Ed Grace, fled from justice of this state, and has taken refuge within the State of Mississippi;

"And, whereas, agreeably to the provisions of the Constitution of the United States, and an act of Congress, passed the twelfth day of February, one thousand seven hundred and ninety-three [18 USCA, section 662], application has been duly made to his Excellency, Governor

of Mississippi, for the delivery of said Ed Grace as fugitive from justice:

"Now, therefore, in pursuance of the power vested in me by law, I have appointed, and by these presents do appoint and commission, W. C. Lemmer, agent on the part of this state, for the purpose of bringing the said Ed Grace into this state, having jurisdiction of the crime aforesaid, whenever the Governor of the said state of Mississippi shall cause him to be delivered up agreeably to the requisition aforesaid.

"These are, therefore, to request and require all persons to permit the said W. C. Lemmer to receive and secure the said Ed Grace and bring him unmolested into this state, having jurisdiction of said crime—the agent peacefully and lawfully behaving—the state to pay no part of the expense incurred by the execution of this requisition.

"In testimony whereof, I have hereunto set my hand, and caused to be affixed the great seal of the state of Tennessee. Done at the city of Nashville, this 10th day of February in the year of our Lord one thousand nine hundred and twenty-eight, of the Independence of the United States, the one hundred and fifty-first year.

"[The Great Seal.]

"By the Governor: HENRY H. HORTON.

"ERNEST N. HOSTON, Secretary of State."

The warrant was issued by the Governor of Mississippi for the arrest and delivery of the said Grace to the said W. C. Lemmer as agent of the state of Tennessee; the said warrant bearing date of February 13, 1927, and being in the following language:

"State of Mississippi, Executive Office, Jackson.

"To the Sheriff of Tallahatchie County, or to the Sheriff of Any Other County—Greeting:

"Whereas, his Excellency, the Governor of the state of Tennessee, has made known to me that Ed Grace stands charged with having committed the crime of murder and

whereas, it appears that said Ed Grace has fled from justice, and is to be found in the state of Mississippi, where he has taken refuge;

"And, whereas, the Governor aforesaid has demanded of me the arrest and delivery of said Ed Grace to W. C. Lemmer, whom he has appointed agent to receive and convey said Ed Grace to the jurisdictional limits within which he stands charged:

"Now, therefore, I, Theo. G. Bilbo, Governor of the state of Mississippi, do, by virtue of the power vested in me by the Constitution and laws of this state, direct and require you to arrest the said Ed Grace and deliver him to the custody of the said W. C. Lemmer, the agent appointed by the Governor of Tennessee, to the end that he may be conveyed to the jurisdictional limits where he stands charged.

"In testimony whereof witness my hand and signature, and the great seal of the state of Mississippi hereunto affixed, this 13th day of February, 1927.

"By the Governor: THEO. G. BILBO.

"[Seal] WALKER WOOD, Secretary of State."

On the 10th day of February, 1928, the appellant, Grace, filed, in the circuit court of Tallahatchie county, a petition for a writ of *habeas corpus*, in which it was averred that the relator was unlawfully confined in the county jail of Tallahatchie county under a warrant or writ of some character from the police department of Memphis, Shelby county, Tenn., or under a fugitive warrant, or writ from some magistrate of Shelby county, Tenn., on a charge of murder in the killing of one John E. Levy, which killing was alleged to have occurred in Memphis, Shelby county, Tenn., on November 21, 1927; that relator was not guilty of the murder so charged to have been committed by him; that he was not a fugitive from justice of the state of Tennessee, because he was not in the state of Tennessee on the date that said John E. Levy was alleged to have been killed, but that on said

date he was in the state of Mississippi in the county of Tallahatchie; and that the relator was not the same person named in the writ or fugitive warrant, charging the commission of the crime.

The writ of *habeas corpus* was issued and served on the sheriff of Tallahatchie county, and the said sheriff filed an answer to the writ, and also a motion to quash the writ, in which he alleged that the relator was being confined in the county jail under and by virtue of a state warrant issued by J. H. Klinck, a justice of the peace of Shelby county, Tenn., charging the relator with the offense of murder committed in that county and state on November 21, 1927; that, after the arrest of the said relator, he demanded that requisition papers be procured before he would return to Memphis, Shelby county, Tenn., upon the said charge; that proper requisition papers for the return of the relator from Tallahatchie county, Miss., to Shelby county, Tenn., were issued by the Governor of Tennessee on the 10th day of February, 1928, and were honored by Hon. Theodore G. Bilbo, Governor of the state of Mississippi, on February 13, 1928, ordering the return of said relator to the state of Tennessee upon said charge; and that, since the arrest and incarceration of the said relator in the county jail of Tallahatchie county, Miss., the duly constituted grand jury for Shelby county, Tenn., had returned an indictment charging the relator with the murder of the said John E. Levy. The requisition papers and a certified copy of the warrant of the said justice of the peace, and the indictment, and *capias* issued thereon, were filed with this answer and motion to quash, and made a part thereof.

To this answer of the sheriff the relator filed a traverse, which is in the following language:

"Now comes the relator, John Edwin Grace, and traverses the answer filed herein by the defendant, and desires to show that he was not in the demanding state of Tennessee at the time of the commission of the alleged

crime, and is not a fugitive from justice, and that he is not the same person named in the indictments, affidavits, and answer in this cause, and offers proof to show that there was no properly authenticated copy of an indictment or affidavit emanating from the Governor of the state of Tennessee charging the relator with any crime produced to the Governor of the state of Mississippi when he granted the warrant of extradition and also offers proof that he was not in the state of Tennessee on date of said crime.''

At the hearing of the petition, after the relator was permitted to amend the petition so as to allege that he was not the same John Edwin Grace as is alleged in the indictment to have committed the crime, the following colloquy between the presiding judge and counsel took place:

''By the Court: I don't think we can inquire into the defendant's guilt or innocence. I think the proceeding is proper to establish his identity. That question can be gone into. And the court holds that the motion to quash the petition is hereby sustained, except as to the question of the identity of the defendant. No challenge is made as to the legality of the extradition papers, if I understand you correctly.''

Counsel for the appellant then noted an exception, and stated:

''We desire the court to understand—we are not admitting or conceding anything as to the validity or regularity of the requisition papers; and to the ruling of the court we except.''

Thereupon the state offered the testimony of a witness to establish the identity of the relator, and also offered in evidence the indictment, *capias*, and requisition papers.

Counsel for the relator then made the following announcement to the court: ''We desire to offer several witnesses to sustain our contention as set out in the traverse. Does your honor hold we cannot go into these

facts? We have ten witnesses subpoenaed and now in attendance to support our position in our traverse."

To which the court replied: "The court holds that any proof tending to establish an *alibi* on this hearing will be inadmissible."

Counsel then entered an exception, and stated: "We insist that such testimony is competent to show that he was not, or is not a fugitive from justice."

To which the court replied: "Any proof going to show a case of mistaken identity will be admissible. The purpose for which these witnesses are offered—that testimony will be excluded."

Counsel entered an exception to this ruling of the court, and stated: "And as to the authentication of the requisition papers offered, the relator excepts."

Upon this state of record, both sides rested, and the court dismissed the petition, and ordered the relator to be delivered into custody of the duly authorized officers of Shelby county, Tenn.; and from this order of the court this appeal was prosecuted.

For a reversal of the judgment of the court below, counsel for the appellant argue and rely upon three alleged errors:

First. The court erred in refusing to permit the introduction of testimony to show that petitioner was not in the state of Tennessee on the date the crime was alleged to have been committed by him.

Second. The court erred in refusing to permit proof that the Governor of Mississippi did not have before him a copy of the affidavit or indictment against the defendant, duly authenticated by the Governor of Tennessee, at the time he granted the requisition.

Third. Because the record shows that the warrant was issued on the 13th day of February, 1927, and purported to be issued by Theodore G. Bilbo, Governor, and that he was not Governor of the state at that time.

The executive warrant for extradition recites on its face that it has been made known to the Governor of this state; that the person demanded stands charged with murder committed in the demanding state; and that the person demanded is a fugitive from justice, and this executive warrant is *prima-facie* evidence of both these essential facts. In the case of *Appleyard* v. *Massachusetts*, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, the supreme court of the United States held that, in issuing an executive warrant, two facts must appear to the Governor of the state to whom a demand for an extradition warrant is presented: First, that the person demanded is substantially charged with a crime in the demanding state; and, second, that the person demanded is a fugitive from justice of the state, the executive authority of which makes the demand, the latter question being one of fact to be decided by the Governor. The language of the court upon this point is as follows:

"The second is a question of fact, which the Governor of the state upon whom the demand is made must decide, upon such evidence as he may deem satisfactory. How far his decision may be reviewed judicially in proceedings in *habeas corpus*, or whether it is not conclusive, are questions not settled by harmonious judicial decisions, nor by any authoritative judgment of this court. It is conceded that the determination of the fact by the executive of the state in issuing his warrant of arrest, upon a demand made on that ground, whether the writ contains a recital of an express finding to that effect or not, must be regarded as sufficient to justify the removal until the presumption in its favor is overthrown by contrary proof. *Ex parte Reggel*, 114 U. S. 642 [5 S. Ct. 1148, 29 L. Ed. 250]."

In the case of *Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193, the court said:

"The scope and limits of the hearing on *habeas corpus* in such cases has not been, perhaps it should not be, de-

termined with precision. Doubt as to the jurisdiction of the courts to review at all the executive conclusion that the person accused is a fugitive from justice has more than once been started in the decisions of this court [citing authorities]; but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, it is left undecided.''

Counsel has not cited, and we have not found, any case from the United States supreme court later than the cases of *Appleyard* v. *Massachusetts* and *Biddinger* v. *Commissioner of Police, supra,* in which that court has expressly decided that the executive conclusion that the person accused was a fugitive from justice may be overthrown by proof tending to show that the accused was not in the demanding state at the time the crime was alleged to have been committed; and, in the absence of an authoritative decision of that court upon the question, we feel constrained to follow a prior decision of this court, *Ex parte Edwards,* 91 Miss. 621, 44 So. 827, expressly holding that such evidence is inadmissible. In the *Edwards case, supra,* the relator was charged with the crime of burglary committed in Lamar county, Ala., which charge involved his presence in person at that place at the time of the commission of the offense. The relator offered evidence to prove that, at the time the alleged crime was committed, he was not in the state of Alabama, but was at his home in Monroe county, Miss., and this evidence was excluded by the court below, and, on appeal, this court held:

''The executive warrant is in all cases *prima-facie* evidence, also, that the person arrested is a fugitive from justice; and the fact that he is in this state after the crime charged in Alabama makes him such a fugitive within the meaning of the Federal statute. 3 Fed. St. Ann., p. 80; *Barranger* v. *Baum,* 103 Ga. 465, 30 S. E. 524, 68 Am. St. Rep. 113, and notes. The presiding judge below properly excluded testimony of an *alibi.* That is

for the Alabama court on the trial; it being a defense on the merits.''

The appellant next contends that the court below erred in refusing to hear proof that, at the time he granted the requisition, the Governor of Mississippi did not have before him a copy of the affidavit or indictment against the appellant, duly authenticated by the Governor of Tennessee. We have set out all the record entries as to the offer of proof by the relator, and these entries do not show any proper offer of proof to show that a duly authenticated copy of an affidavit or indictment charging the accused with crime was not before the Governor when he issued the warrant, and they do not show that the court below denied the petitioner the right to introduce such proof.

The court ruled that testimony to establish an *alibi* was inadmissible; and then asked counsel if it was correct in the understanding that no question was raised as to the legality of the extradition papers. To this query, counsel merely replied: ''We concede nothing as to the validity or regularity of the requisition papers.'' This answer of counsel to the direct inquiry of the court was calculated to lead the court to believe that no evidence was to be offered upon the validity or legality of the warrant. After some further colloquy as to the admissibility of evidence to establish an *alibi,* counsel stated: ''As to the authentication of the requisition papers offered, relator excepts.'' This did not apprise the court of counsel's desire or purpose to introduce evidence to show the absence of a duly authenticated copy of the affidavit and indictment charging the accused with crime at the time of the issuance of the warrant, and did not constitute an offer to introduce such testimony; and the record does not show that the court below refused to permit the introduction of such evidence. Consequently, we cannot consider an assignment of error based upon any such supposed ruling.

There is no merit in the contention that the warrant of extradition is void because it bears the date of February 13, 1927, at which time Hon. Theodore G. Bilbo, who issued the warrant, was not the Governor of Mississippi. This warrant was introduced in evidence in the court below without any objection on the part of appellant, and the question as to its date was not in any manner raised in the court below, and it cannot now be raised for the first time in this court. But aside from that fact, the entire record shows that this date is a mere clerical error, and that the warrant was, in fact, issued on February 13, 1928. The crime with which the appellant stands charged by affidavit and indictment was alleged to have been committed on November 21, 1927. The warrant upon which appellant was arrested was issued on February 9, 1928, while the indictment charging him with the crime was returned on February 10, 1928. The requisition warrant itself recites that it was issued upon the application of the Governor of Tennessee, which said application bears the date of February 10, 1928. It appears in the record that the warrant was not issued until after the arrest of the appellant on February 9, 1928, and it unmistakably appears throughout the record that the dating of this instrument *1927* instead of *1928* was a mere clerical error, which in no way prejudiced any right of the appellant.

The judgment of the court below will therefore be affirmed.

*Affirmed.*