MERCHANTS' & MANUFACTURERS' BANK OF ELLISVILLE *v.* HAMMER *et al.*

(Division A.   May 29, 1933.   Suggestion of Error Sustained in Part and Overruled in Part, June 12, 1933.)

[148 So. 641.   No. 30621.]

Butler & Snow, of Jackson, for appellant.

Horton & Sanders, of Jackson, for appellees.

388

Argued orally by **George Butler**, for appellant, and by **W. T. Horton**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This case arose by bill in equity filed by Hammer and Eyrich against the Merchants' & Manufacturers' Bank of Ellisville, Mississippi, and others, in which Hammer and Eyrich sought to recover from the bank an indebtedness due by Bradshaw, alleged to have been assumed by the bank by virtue of a clause in a deed dated February 9, 1930, executed to the bank, reciting as a part of the

consideration as follows: "The assumption by the grantee of the liability for the indebtedness secured by the deed of trust hereinafter mentioned." This deed of trust is described in the deed from Bradshaw to the bank.

The bank made its answer a cross-bill against all the other parties, and alleged that the above language was inserted in the deed made to it by Bradshaw by mutual mistake of the parties thereto, and that, in truth and in fact, the deed was intended to be a mortgage.

Bradshaw answered admitting the material allegations of the bank's cross-bill. Hammer and Eyrich denied these allegations.

The court below held that the bank, by virtue of said clause, was liable to Hammer and Eyrich, and allowed them a recovery from the bank on its assumption in the deed of the amount adjudged to be due by Bradshaw; that the deed should be corrected by striking out the above clause; and that as to all the parties, except Hammer and Eyrich, the instrument was a mortgage.

The evidence is ample to support the chancellor's finding that Bradshaw, the grantor, remained in possession, and the evidence is uncontradicted that there was no agreement between the parties that the bank was to assume any indebtedness on the lands granted to it by him. The finding of the chancellor that this language was inserted by mutual mistake is fully sustained, as is his finding that the deed was intended only as security for the debt.

We are unable to perceive upon what theory the court below held that by virtue of said deed, Hammer and Eyrich acquired a greater right by virtue of Bradshaw's deed to the bank than was vested in Bradshaw. There is no appeal from that part of the decree holding that the deed was, in fact, a mortgage, and that the clause assuming liability should be eliminated from the deed as a mutual mistake. We can perceive no difference, in the

application off the facts of this case, to the position of Hammer and, Eyrich than if Bradshaw had procured assumption of liability by fraud, or if, in fact and in truth, the deed had been a forgery.

The rights under the deed in question accruing to Hammer and Eyrich are derivative from the grantor in the deed, Bradshaw, and the decree correcting the deed, and the equities in the bill, must control the rights off the gratuitous beneficiaries, Hammer and Eyrich, in this case, there being no other agreement except that contained in the warranty, deed.

The grantee may show that the assumption clause was inserted through fraud or mistake, and that he did not, in fact, assume the debt. See Jones on Mortgages (2 Ed.), section 942, and Wiltsie on Mortgage Foreclosures, section 240.

Counsel for appellees, Hammer and Eyrich, undertake to argue that there was error in the decree of the chancellor in holding that the clause was inserted by mistake. There was no appeal here as to that, and the decree is final in that respect, and is supported by the evidence in the case. The appellees also assert an estoppel, which is not made clear by this record, and which does not disclose that Hammer and Eyrich had changed their position in any particular to their injury, or that the assumption clause in this deed had, in any way, affected their interest, or that they had been led to do, or not to do, anything by reason thereof. Hart v. Foundry Co., 72 Miss. 809; syllabus 5, 17 So. 769.

It follows that we are of the opinion that Hammer and Eyrich's rights are derived from their mortgagor, Bradshaw. The decree of the court below is that he has no rights, that the assumption clause is void as to him, and it therefore necessarily follows that Hammer and Eyrich could not maintain their bill against the Merchants' & Manufacturers' Bank.

The original bill is therefore finally dismissed, and decree is entered here for the appellant..

Reversed and decree for appellant.

ON SUGGESTION OF ERROR.

**Cook, J.,** delivered the opinion of the court on suggestion of error.

On a former day of this term a decree was entered reversing the decree of the court below and finally dismissing the original bill, which sought relief against parties other than the only appellant herein. The decree entered in this court should have reversed the decree of the court below and finally dismissed the bill of complaint as to the Merchants' & Manufacturers' Bank only. The decree previously entered will, therefore, be set aside and a proper one entered. In all other respects the suggestion of error filed by the appellees will be overruled.

Sustained in part, and overruled in part.