BERRYHILL *v.* BERRYHILL.

(In Banc. Nov. 26, 1945.)

[23 So. (2d) 889. No. 35949.]

S. C. Mims and W. B. Nicols, both of Grenada, for appellant.

**Stone & Stone,** of Coffeeville, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit is one by Annie Berryhill seeking separate support and maintenance from her husband, Adam Berryhill, without a prayer for divorce. The bill of complaint alleges that the defendant had deserted her for a period of nearly five years, moving to another county, and leaving her on the charity of her friends and relatives for support and maintenance. There are also allegations as to the defendant's ownership of property and ability to support and maintain the complainant. The bill of complaint also contains a prayer for a vacation hearing for "temporary alimony, alimony pendente lite and for counsel fees," and alleges that the granting of such relief in vacation is urgent and necessitous.

Section 2742, Code of 1942, provides, among other things, that "the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon."

The jurisdiction of the chancellor to hold the vacation hearing in the instant case is challenged because it developed at such hearing that the complainant was receiving an allowance from the Federal Government of $37 per month which had been allotted to her at the instance of a son-in-law in the military service; that since she was an elderly negro woman, living on the farm, the said allowance from the Federal Government was such as to defeat her claim that it was urgent and necessitous that relief be granted to her in vacation in advance of a hearing on the merits of the case. It was held, however, in the case of Johnston v. Johnston, 182 Miss. 1, 179 So. 853, 854, "[that] in passing on such petition, the chancellor was not required to investigate the merits of the original bill or inquire into the truth of the facts therein alleged, but was only required to see that a case for relief was stated on the face of the bill, or the supplemental petition; . . . " This being true, we think that the chancellor had jurisdiction to hear in vacation the petition contained in this bill for temporary alimony, counsel fees, etc. Nevertheless, if it should develop at a vacation hearing that the granting of the relief sought is not urgent and necessitous, the chancellor should decline to grant relief until term time.

In the instant case, hearing was had in vacation and a decree rendered whereby the complainant was awarded $50 per month as temporary alimony and the sum of $35 as an attorney's fee, but it was provided in such decree that there should be credited on the said $50 per month temporary alimony "the sum of such payment as may be collected by the said Annie Berryhill each month from

the U. S. Government on account of contributions or allot-ments by the son-in-law of the said Annie Berryhill.''

It will be readily seen that the decree is not therefore definite and certain as to the amount which the defend-ant Adam Berryhill was required to pay each month. The son-in-law, by reason of prospective advancement in rank, had the right to increase such allowance or to have the same decreased for any reason satisfactory to him. Moreover, the effect of this provision in the decree was to leave it to the determination of the clerk of the court as to whether the wife had in fact received this allowance at the time any monthly installment on the alimony became due. In this respect, the decree was indefinite and uncer-tain and therefore unforceable.

In the case of Todd v. Todd, 197 Miss. 819, 20 So. (2d) 827, 831, it was held under the authority of Griffith's Miss. Chancery Practice, Secs. 625, 626, that in such cases the decree ''should be complete within itself—con-taining no extraneous references, and leaving open no matter of description or designation out of which con-tention may arise as to the meaning. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or the offi-cers charged with the execution of the decree, and even as to matters solely affecting the execution, if their nature be such as is likely to eventuate a dispute, reservations for further directions should be made if impossible safely to do otherwise.'' There is equal reason for applying this principle to the vacation decree in the instant case.

Therefore, because of the fact that the vacation decree for temporary alimony is indefinite and uncertain in the particular above pointed out, the cause must be reversed and remanded.

Reversed and remanded.