SHEPHERD *et ux. v.* JOHNSTON.

(In Banc. January 26, 1948.)

[33 So. (2d) 614. No. 36661.]

Creekmore & Creekmore, of Jackson, and **Brunini, Brunini & Everett**, of Vicksburg, for appellants.

**James D. Thames** and **John H. Culkin**, both of Vicksburg, and **Lamar F. Easterling**, of Jackson, for appellee.

Argued orally by **Rufus Creekmore**, for appellants, and by **Lamar F. Easterling**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

This is the second appearance of this cause here. When first presented (201 Miss. 99, 28 So. (2d) 661) the appeal was by the same appellants from a decree dismissing the bill. Demurrer was overruled and after answer, appellants filed a motion for the inspection of certain documents and records. The motion was denied, whereupon complainants were put to their proof. Testimony by complainants was excluded by the court on the ground that it constituted an attempt to establish against the estate of a decedent a claim arising in his lifetime. We reversed for the error of disallowing inspection, and held that the complainants were competent witnesses.

Upon remand, the learned chancellor, evidently overlooking the established law of the case, again denied the motion to inspect. We must reaffirm our former holding. Since defendant's original demurrer had been overruled, she here filed answer but upon trial filed a motion to withdraw same and file demurrer. This was sustained, the demurrer filed, and in turn sustained, and the bill dismissed. Hence this appeal.

Both the motion to inspect and motion to withdraw answer were met by counter motions to strike, the latter pleading being met by an answer which in turn was attacked by motion to strike the answer. The record thus cumbered into complexity suggests a failure to accept the pleadings as being already in the file before the court even after remand, and also the privilege of resisting motions

without formal issue thereon by answer or counter motion. See Griffith, Miss. Chancery Practice, Sec. 407.

Both the motion of complainants and the demurrer of defendant were identical with those considered by us on the former appeal. While there was no cross-appeal therein by the defendant from the action of the court in overruling the demurrer, its ruling thereon was pressed upon our attention, and since the adequacy of a bill to state an equitable cause of action is always open to examination by the Court, our remand of the case for hearing upon the merits became part of the law of the case.

Justification for an apparent disregard of the controlling principles as established by this Court is sought in a new emphasis upon the ground, set out in the demurrer, that there is a misjoinder of parties defendant. Yet, as stated, the demurrers in the two hearings are identical. The parties alleged to be interested and necessary are the heirs of Dr. Johnston. This point was considered by us on the first appeal, and, as there pointed out, since appellee claims to be sole owner in fee simple, such omitted parties, if admitted, would make common cause with appellants, but for whose establishment of a resulting trust, they would take nothing. Their personal interest in the outcome does not constitute them necessary parties in a suit against Mrs. Johnston. Our former opinion affirming the trial court's ruling on this point made it likewise the law of the case.

We do not pass upon the assignment predicated upon the trial court's order sustaining the motion to withdraw answer and file demurrer. This was a procedural matter which culminated in a hearing upon the demurrer, and the appeal is taken therefrom and our attention of necessity focused thereon.

We conclude therefore that the learned chancellor erred in denying the motion to inspect, and we shall enter this order here sustaining the motion. We remand the cause for hearing on the merits of the bill upon the issue of a resulting trust, upon which issue complainants have

been adjudged competent witnesses. We do not consider here the nature or competency of the proposed testimony, in which latter connection, our former holding that the suit is not one resting solely upon an oral contract with Dr. Johnston, may be found in point.

Reversed and remanded.