BISHOP *v.* JONES et al.

In Banc. Oct. 24, 1949.

No. 36990 (42 So. (2d) 421)

424

The original opinion, 38 So. (2d) 920, (withdrawn by the final opinion) was as follows:—

**Alexander, J.**

This is a proceeding under writ of habeas corpus, the relator having been arrested and held under an extradition warrant. The extradition papers introduced at the hearing are found to be in order. The indictment which is duly authenticated charges a robbery and it is otherwise shown that the alleged offense was committed on September 13, 1947, at Birmingham in the State of Alabama.

The relator sought to show an alibi, and several witnesses, chiefly members of his family, supported this defense. Other witnesses, including the alleged victim of the robbery, positively identified relator as having been in Birmingham on September 13.

We do not examine the relevancy of the testimony, which was introduced upon the theory that a person arrested under extradition proceedings must have been a fugitive from the demanding State upon which issue an alibi would be at least logically relevant. Assuming this to be a justiciable issue we are of the opinion that the trial judge was authorized under this record in finding that the relator had not met the applicable burden of proof. Guilt or innocence is not an issue in such proceeding, and the court will not discharge a defendant

under the governor's warrant where there is merely contradictory evidence. State of South Carolina v. Bailey, 289 U.S. 412, 53 S. Ct. 667, 77 L. Ed. 1292; Ullom v. Davis, 169 Miss. 208, 150 So. 519.

Whether the evidence for the relator must establish beyond reasonable doubt his status as one not a fugitive, State of South Carolina v. Bailey, supra, or by clear and satisfactory evidence, In re Baker, 310 Mass. 724, 39 N.E. (2d) 762; Baker v. Delay, 316 U.S. 699, 62 S. Ct. 1297, 86 L. Ed. 1768, the executive warrant made a prima-facie case and by any test there was sufficient conflict upon which to support the finding of the trial judge. The respondent did not have to make out a case of guilt beyond reasonable doubt. 35 C.J.S., Extradition, § 39, page 369; 25 Am. Jur., Habeas Corpus, Section 72.

Affirmed.

## ON SUGGESTION OF ERROR

**J. E. Franklin** and **S. R. King**, for appellant.

**R . O. Arrington**, Assistant Attorney General, for appellees.

438

**McGehee, C. J.**

This is a habeas corpus proceeding brought by the relator John Thomas Bishop, who was then in the custody of the appellee Albert Jones, Sheriff of Hinds County, and about to be surrendered to certain agents of the Governor of the State of Alabama on an extradition warrant of the Governor of Mississippi as a fugitive from the justice of Alabama, where he is charged with the crime of robbery with firearms, a capital felony under the laws of the State.

The petition for the writ of habeas corpus sets forth two grounds as to why the relator should be released from custody: First, that the extradition proceedings are not in due and legal form, and are therefore, insufficient as to form and substance, improperly authenticated and void and of no effect; second, that the relator is not in fact a fugitive from the justice of Alabama, for the reason that he was in Jackson, Mississippi, at the time of the commission of the crime of robbery in Birmingham, Alabama, with which he is charged in the indictment.

■■■ The rights of the relator are to be determined by Section 2, paragraph 2, of Article IV of the Constitution of the United States, as implemented by Section 662 [now § 3182], Title 18, U.S.C.A., and the decisions of

the Supreme Court of the United States construing such constitutional provision and this federal statute, together with the help of state court decisions not inconsistent with the supreme law on the question of interstate extradition. State statutes and decisions relating to habeas corpus and extradition, such as our Code chapter on Habeas Corpus, Section 2815 et seq., Code of 1942, and Section 3981 thereof, are not applicable to interstate extradition except to the extent that they may be in aid of, and not inconsistent with, the Constitution and laws of the United States on the question.

The first indispensable prerequisite to the right of the Governor of the asylum state to surrender an alleged offender to the authorities of the demanding state is that such Governor be furnished with a copy of an indictment found by a grand jury or an affidavit made before a magistrate of the demanding state or territory, charging the person demanded with the commission of the alleged crime, certified as authentic by the Governor or chief magistrate of the state or territory from whence the person so charged has fled. And, second, the Governor of the asylum state must be satisfied, either from an inquiry conducted by him at his option or on the basis of the prima facie presumption carried by the regularity of the extradition proceedings, that the alleged offender is a fugitive from justice of the demanding state; that is to say, that he was in the demanding state at the time of the commission of the alleged crime and has departed therefrom into the state where he is found. The existence of these two prerequisites is essential and jurisdictional to the right of the Governor of one state to deliver a citizen of his state to the authorities of another to be tried for crime, and his conclusion in that behalf is of course subject to judicial review on habeas corpus.

The relator in a habeas corpus proceeding is entitled to show that either or both of the above mentioned jurisdictional facts for interstate extradition are nonexistent.

 █ If the Governor's warrant of extradition and all of the requisition papers are sufficient in form and substance they may be introduced at the hearing to constitute a prima facie right on the part of the respondent or respondents to surrender the alleged defendant to the demanding state, but the relator may nevertheless introduce proof before the court where the habeas corpus petition is being heard to show that he was not in the demanding state at the time of the commission of the alleged crime, and that he could not therefore be a fugitive from the justice of a state where he has not been at all or where he was not at the time the crime was committed. South Carolina v. Bailey, 289 U.S. 412, 53 S. Ct. 667, 77 L. Ed. 1292; 25 Am. Jur. Sec. 71, page 197 and numerous Federal Supreme Court decisions cited thereunder; 39 C. J. S., Habeas Corpus, § 39 (d), page 554; Ex parte Walters, 106 Miss. 439, 64 So. 2; 51 A.L.R. 798; 61 A.L.R. 715; and cases cited in the annotation of Section 662 [now §3182] Title 18, U.S.C.A.

While such proof necessarily involves the facts which would constitute an alibi, there is an obvious distinction between proof of absence from the demanding state for the purpose of negativing the condition of extradition, that one is a fugitive from justice, and proof of an alibi as such for the purpose of establishing one's innocence. Roberts v. Reilly, 116 U.S. 80, 95, 6 S. Ct. 291, 299, 29 L. Ed. 544, 549; Annotation 51 A.L.R. p. 797.

In the case of Grace v. Dogan, Sheriff, 151 Miss. 267, 117 So. 596, 61 A.L.R. 709, this Court said in effect that it knew of no case from the United States Supreme Court later than the cases of Appleyard v. Massachusetts, 203 U.S. 222, 27 S. Ct. 122, 51 L. Ed. 161, and Biddinger v. Police Commissioner, 245 U.S. 128, 38 S. Ct. 41, 62 L. Ed. 193, in which that Court had expressly decided that the executive conclusion that the person accused was a fugitive from justice may be overthrown by proof tending to show that the accused was not in the demanding state

at the time the crime was alleged to have been committed; and the court held that "in the absence of an authoritative decision of that court on the question, we feel constrained to follow a prior decision of this court, Ex parte Edwards, 91 Miss. 621, 44 So. 827, expressly holding that such evidence is inadmissible." [151 Miss. 267, 117 So. 599].

Prior to the decision in the Grace case, supra, this Court had held in Ex parte John Devine, 74 Miss. 715, 22 So. 3, that the guilt or innocence of a relator can. not be inquired into on habeas corpus in this State. However, in that case the relator was merely attempting to show that he had committed no crime in the demanding state. It is to be conceded that if an accused was charged with murder in the demanding state he could not show in a habeas corpus proceeding in the asylum state that he committed the homicide in self-defense and thereby establish his innocence, or that he was insane when the crime was committed, or that the prosecution is for a crime of such character as to be barred by some statute of limitation as in the Biddinger case, supra.

However, this court held in Ex parte Walters, 106 Miss. 439, 64 So. 2, 4, not mentioned in Grace v. Dogan, supra, and being the noted case of the alleged kidnapping of Bobby Dunbar at Opelousas, Louisiana, that:

"While a prima-facie case is made in favor of extradition, still habeas corpus proceedings may be resorted to, for the purpose of determining whether the accused is subject to be returned to the demanding state as a fugitive from justice. This seems fully settled in the case of McNichols v. Pease, (207 U.S. 100, 28 S. Ct. 58, 52 L. Ed. 121). Mr. Justice Harlan, delivering the opinion of the court, stated that certain principles, which he set forth, and from which we have quoted above, are deduced from the cases already decided by the Supreme Court of the United States, all of which he cited. We quote further from his opinion as follows: 'A proceeding by habeas corpus in a court of competent jurisdiction is appropriate

for determining whether the accused is subject, in virtue of the warrant of arrest, to be taken as a fugitive from the justice of the state in which he is found to the state whose laws he is charged with violating. One arrested and held as a fugitive from justice is entitled of right, upon habeas corpus to question the lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding state, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant.' "

At any rate, the right of an accused to prove on habeas corpus that he is not a fugitive from the justice of the demanding state is now well settled by the authorities hereinbefore cited, which are much more recent than the Appleyard and Biddinger cases, supra, referred to by our Court in the Grace case. Moreover, the Appleyard case recognized such right, and the Biddinger case did not involve the question as to whether or not the relator was in the demanding state at the time complained of. And it is also now well settled that the decision of the Governor of the asylum state, when holding the extradition proceedings to be sufficient in form and substance as a jurisdictional prerequisite to granting relief to the demanding state, is subject to review in a habeas corpus proceeding brought by the accused. Robb v. Connolly, 111 U.S. 624, 4 S. Ct. 544, 28 L. Ed. 542; Roberts v. Reilly, supra; and other cases annotated in 81 A.L.R. 558, including former decisions of our own court.

At the hearing of the petition for the writ of habeas corpus in the instant case before the judge of the chancery court the respondents Albert Jones and others introduced the extradition warrant of the Governor of Mississippi and the extradition proceedings from the State of Alabama, and rested their case. Thereupon the relator introduced several witnesses who testified over

the objection of the respondents that the relator was in the City of Jackson, Mississippi, on the date and occasion when the robberies complained of were committed in Birmingham, Alabama. This testimony was sufficient, if believed, to conclusively show that the relator was not a fugitive from the justice of Alabama. On the other hand, the victims of the robbery, who were offered in rebuttal, testified to the contrary, and if they are to be believed the relator was such a fugitive.

When the testimony of the last witness at the habeas corpus hearing was about to be concluded, the trial judge announced: "All this evidence that pertains to his guilt or innocence, whether by alibi or mistaken identity, is objected to. It is permitted to go in on a reserved rule. Go along." The examination of this witness was soon thereafter concluded and covers only about one page of the Court Reporter's transcript following this announcement of the Court. The Court did not thereafter make an express ruling on the objection to any of the testimony thus offered by the relator. ██ █ Both sides having then rested their case the court rendered a decree wherein he expressly held that "the extradition proceedings, including the certificates of the court of Alabama, the capias and the extradition proceedings as a whole, are not in proper order, form and substance for the issuance of the extradition warrant in this cause.

"It is therefore ordered, adjudged and decreed that the respondents return said extradition papers and proceedings back to the proper authorities in the State of Alabama, in order that proper and sufficient papers and proceedings may issue, applying to the Governor of this State for the issuance of a new extradition warrant, based on proper and legal proceedings; that the relator, John Thomas Bishop, be remanded back to and held in custody by the said Albert Jones, Sheriff of Hinds County, Mississippi, for a period of fifteen days, after which time the relator shall be released and discharged from custody

unless during said fifteen days' period the said sheriff shall be served with a proper, legal and sufficient extradition warrant based upon proper, legal and sufficient papers and proceedings.

"Right of appeal granted."

Therefore, it will be noted that it is not adjudicated by any of the express terms of the decree whether or not under the conflicting evidence the court was of the opinion that the relator was a fugitive from the justice of Alabama. It may be that the foregoing provision of the decree ordering the relator to "be remanded back to and held in custody for a period of fifteen days, after which time the relator shall be released" unless certain conditions are complied with, amounts to a finding that the relator was a fugitive from the justice of Alabama, but then too this provision of the decree may have resulted from a conclusion of the trial judge that under the previous decisions of this Court in the Devine, Edwards and Grace cases the testimony had to do with the guilt or innocence of the accused and could be heard only in the trial of the case in the State of Alabama. However that may be, we have reached the conclusion that the decree as rendered should not be affirmed for two reasons: First, it contains an express adjudication of the nonexistence of one of the two indispensable jurisdictional facts, to-wit, the sufficiency of the extradition proceedings in form and substance as an essential prerequisite to the authority of the court to order the accused to be delivered to the authorities of the demanding state, and, second, because the decree on its face appears to have left to the determination of Albert Jones, as sheriff of Hinds County, Mississippi, the judicial question as to whether or not within the period of fifteen days provided for he was served with "a proper, legal and sufficient extradition warrant based upon proper, legal and sufficient papers and proceedings."

In the recent case of Berryhill v. Berryhill, 198 Miss. 759, 23 So. (2d) 889, 890, where the effect of a provision in the decree was to leave to the determination of the clerk of the court an issue there involved, the court said: "In this respect, the decree was indefinite and uncertain and therefore unenforceable." Therein the court cited the case of Todd v. Todd, 197 Miss. 819, 20 So. (2d) 827, 831, and Griffith's Mississippi Chancery Practice, Sections 625 and 626, as authority for the legal principle that a final decree should not "leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with the execution of the decree . . .".

When the trial judge in the instant case reached the conclusion and so adjudicated that the extradition proceedings were insufficient both in form and substance, and void and of no effect, he should have either discharged the relator or continued the hearing to a date in the near future for sufficient papers in that regard to be submitted to him, instead of to the sheriff, and should not have rendered the decree here involved and from which he granted this appeal, since a vital part of the evidence introduced and relied upon by the respondents as their authority to hold the relator in custody and surrender him to the demanding state was the Governor's extradition warrant and the extradition proceedings, which were held to be insufficient as aforesaid. ▊▊ In other words, the accused had the constitutional right under his petition for writ of habeas corpus to have the trial judge as a judicial officer to not only pass upon the sufficiency of the extradition proceedings then before the court, but also the sufficiency of any such papers that were to be thereafter supplied in their stead.

▊▊ When our former opinion was rendered in this cause, Bishop v. Jones, Miss., 38 So. (2d) 920, our attention had not been called to the fact that the respondents had failed to reserve an exception or file a cross-assign-

ment of error in regard to the adverse ruling of the trial judge in holding that the extradition proceedings were as a matter of law insufficient both as to form and substance. Without such a cross-assignment of error (essential to entitle us to review for the respondents on this appeal the adverse ruling of the trial judge where no exception was reserved thereto as was done in the case of Thomas v. State, 73 Miss. 46, 19 So. 195) and our attention not being called to the absence thereof, we were led into the error of reviewing such ruling contrary to the principle announced in the cases of Merchants & Manufacturers Bank v. Hammer, et al., 166 Miss. 383, 148 So. 641; Shepherd v. Johnston, 203 Miss. 120, 33 So. (2d) 614; Aetna Life Ins. Co. v. Thomas, 166 Miss. 53, 144 So. 50, 146 So. 134; Anderson v. Love, 169 Miss. 219, 151 So. 366, 153 So. 369; and Dixon v. Breland, 192 Miss. 335, 6 So. (2d) 122. In other words, the appellees were not entitled to be heard in this court except in support of the decree of the trial court, as was expressly held in the cases cited in the Dixon v. Breland, supra. Section 1153, Code of 1942, was enacted to afford the state a method for obtaining a review of an adverse ruling on a question of law, and the respondents here are in no better position than the state would be without a cross-assignment of error or cross-appeal.

In his reply brief filed before the former opinion was rendered herein, the relator made the observation that: "The learned chancellor on the habeas corpus trial specifically held that these papers were wholly insufficient in form and substance and until appealed from, his decision stands as the law of the case on that question." And he then explained that the illegality of the extradition proceedings was not being stressed in his briefs "for the good and sufficient reason that the chancellor had held with us on that question and in the absence of an appeal by the appellees that became a foreclosed question so far as this appeal is concerned." The appel-

lees still failed to file a cross-assignment of error as to this adverse ruling and express adjudication in the decree of the trial court on this question of law, so as to obtain a review of such ruling on this appeal. On the contrary, they sought an affirmance of the decree appealed from. After such affirmance the question was seasonably raised by a suggestion of error that we had affirmed the adjudication of the trial judge as to the non-existence of a necessary jurisdictional fact and had nevertheless stated in effect that his adjudication in that behalf was erroneous, although no cross-assignment of error had been filed.

Nor was the specific point raised by any of the parties in regard to the provisions of the decree which undertook to delegate to the sheriff, an executive officer, the power to judicially determine if and when legal extradition proceedings were submitted to him as authority for surrendering the relator to the demanding state.

However, if we should affirm the decree as rendered, containing as it does an express adjudication of the non-existence of an indispensable jurisdictional fact, and should thereby make it possible for the relator to be surrendered to the authorities of Alabama, he would be denied his constitutional right to have the trial judge fully hear and determine his legal rights under the petition for habeas corpus and would be further restrained of his liberty without due process of law.

We have, therefore, concluded to withdraw the former opinion and to reverse and remand the cause in order that the habeas corpus hearing may be proceeded with until all the evidence relied on by both the appellant and the appellees shall have been introduced for the consideration of the trial judge, and in order that in the event extradition papers are introduced by the respondents which are legal in all respects the trial judge may then pass upon the issue of fact as to whether or not the relator is a fugitive from justice of the

State of Alabama, if it be true, as contended by the relator, that he has not already passed upon such issue of fact in the light of the testimony on the question as to whether or not the accused is a fugitive from justice. That is to say, if the trial judge has regarded this testimony as being incompetent under the decisions of this court in the Devine, Edwards and Grace cases, which were decided prior to the decision of the Supreme Court of the United States in South Carolina v. Bailey, supra, and has ordered the relator committed to the custody of the sheriff upon the theory that he should be surrendered to the demanding state upon the furnishing of legally sufficient extradition proceedings without regard to the testimony as to whether or not the accused was in the demanding state at the time of the commission of the crime, the relator would be entitled on remand to have his rights determined both as to the sufficiency of the new extradition proceedings and on the testimony offered on the issue of fact as to whether or not he is a fugitive from justice within the meaning of the Constitution and laws of the United States.

The former opinion is withdrawn, which in effect sustains the suggestion of error, and the cause is reversed and remanded.

Reversed and remanded on suggestion of error.