KELLER, et al. *v.* STATE

No. 42551          March 4, 1963          150 So. 2d 426

*Morse* & *Smith,* Poplarville, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

This is an appeal from a denial of habeas corpus by the Circuit Court of Pearl River County, Mississippi. Appellants were charged with a crime in the State of Texas and extradition proceedings were instituted and followed to conclusion, with the result that the Governor

of Mississippi, upon demand of the Governor of Texas, issued extradition warrants ordering appellants delivered to agents of the State of Texas for return to the jurisdiction where they stood charged.

After the extradition warrants had been executed by the Governor of Mississippi, the habeas corpus suit was instituted seeking their release for several grounds stated therein. The only two pursued on this appeal have to do with whether or not the requisition from the State of Texas was properly authenticated and whether or not it had been established at the habeas corpus hearing that appellants were fugitives.

The laws applicable to requisition are governed by the Constitution of the United States, the federal statutes, and the state statutes. The federal statute applicable is U.S.C.A., Title 18, Criminal Procedure, sec. 3182, which provides in part as follows:

''Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. . . .''

The statute applicable in Mississippi is Miss. Code 1942, Anno., sec. 3981, Arrest and delivery of fugitives from justice, which states:

"It shall be the duty of the governor, on demand made by the executive authority of any other state, territory, or district, for any person charged, on affidavit or indictment, in such other state, territory, or district, with a criminal offense, and who shall have fled from justice, and be found in this state, the demand being accompanied with a copy of the affidavit or indictment, certified as authentic by such executive authority, to cause the offender to be arrested and delivered up to the authority of such state, territory, or district, for removal to the jurisdiction having cognizance of the offense, upon payment of the costs and expenses consequent on arrest; and it shall be the duty of the governor to demand and receive fugitives from justice for offenses committed in this state."

It will be seen that the federal statute provides that, when papers are certified as authentic by the Governor or chief magistrate of the state, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured. The Mississippi Code states that it shall be the duty of the Governor of this state, when demand is accompanied with a copy of the affidavit or indictment certified as authentic by the executive authority of the other state, to cause the defendant to be arrested and delivered to the authorities of such other state.

Bishop v. Jones et al., 207 Miss. 423, 42 So. 2d 421, held:

"The first indispensable prerequisite to the right of the Governor of the asylum state to surrender an alleged offender to the authorities of the demanding state is that such Governor be furnished with a copy of an indictment found by a grand jury or an affidavit made before a magistrate of the demanding state or territory, charging the person demanded with the commission of the alleged crime, certified as authentic by the Governor or chief magistrate of the state or territory from whence

the person so charged has fled. And second, the Governor of the asylum state must be satisfied, either from an inquiry conducted by him at his option or on the basis of the prima facie presumption carried by the regularity of the extradition proceedings, that the alleged offender is a fugitive from justice of the demanding state; that is to say, that he was in the demanding state at the time of the commission of the alleged crime and has departed therefrom into the state where he is found. The existence of these two prerequisites is essential and jurisdictional to the right of the Governor of one state to deliver a citizen of his state to the authorities of another to be tried for crime, and his conclusion in that behalf is of course subject to judicial review on habeas corpus.''

The proof in this case is to the effect that the appellants had lived in Texas, were working in Texas, and rented an apartment from the prosecuting witness whom they were charged of robbing, and their own testimony showed that they had left Texas on or about the time of the robbery.

The circuit judge was of the opinion that all the proceedings of the State of Texas and by the Governor of the State of Mississippi are sufficient, in spite of perhaps typographical errors. The court also held when appellant made a motion that in its opinion the state failed to prove they were either jointly or separately fugitives from justice. The court stated: ''This is taken in consideration in my decision.''

The order of the court states: ''The court having heard all the testimony offered in said cause for and against said parties, and after having fully considered the same, is of the opinion and finds that the extradition process and all papers relating thereto is legal, valid and in proper form growing out of the Grand Jury indictment against said petitioners . . . and that therefore said petitioners should be extradited in accordance

with the requisition approved by the Governor of the State of Mississippi and his warrant issued thereupon, . . ."

(Hn 1) We are of the opinion, from the record as presented, that both the requisition from the State of Texas and the extradition papers issued by the Governor of Mississippi were all properly authenticated, (Hn 2) and that it was established from the proof at the hearing on the habeas corpus that the appellants were fugitives and were so ordered as fugitives by the circuit judge.

The case of Ex parte Pinkus, 25 S.W. 2d 334 (Tex.) held that the law of Mississippi on extradition would apply rather than the law of Texas.

Both the federal statute and the Mississippi statute, *supra,* require only that the papers be certified as authentic by the Governor or executive authority and neither statute requires any particular form as to the manner or certificate of authentication. The requisition contains a certificate of Governor Price Daniels of Texas that the papers annexed were authentic and duly authenticated with the laws of Texas.

In re Baker, 57 Pac. 827 (Wash., 1899), holds that where a Governor's requisition is correct both in form and substance, the mere fact that the seal of the State is not attached thereto will not justify the discharge of the prisoner. The "Handbook on Interstate Crime Control," published by the Council of State Governments, contains a discussion of the practice in extraditions and the problems presented on writ of habeas corpus, and they say "nor is any particular form of attestation by the Governor of the demanding state necessary." Under the Mississippi statute in our jurisdiction there is no particular form required. In the absence of any statute or any previous decision of this Court, all doubts are to be resolved in favor of the legality of the order of the Governor of Mississippi for

delivery of these fugitives to the State of Texas. Tyler v. Pierce, et al., 61 So. 2d 309, 216 Miss. 498. The case is therefore affirmed.

Affirmed.

*McGehee, C. J., and Gillespie, Rodgers and Jones, JJ.,* concur.