539 So.2d 1043 (1989)
STATE of Mississippi
v.
Lawrence Floyd WILLIS.
No. 59420.
Supreme Court of Mississippi.
February 22, 1989.
Marvin E. Wiggins, Jr., Robert David Jones, Martin & Jones, Meridian, for appellant.
Mike Moore, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Appellant Lawrence Floyd Willis prosecutes this appeal from a judgment of the *1044 Circuit Court of Lauderdale County, dismissing the State's petition to revoke Willis' probation and refusing to alter or amend his 1984 judgment of conviction and sentence. After a hearing on the State's petition and Willis' motion, the lower court held it had no jurisdiction to alter or amend the 1984 judgment and further that the 1984 sentencing order which contained a probation agreement was correct and that for purpose of his future conduct Willis was subject to the terms of said agreement. From this judgment Willis appeals.
Finding merit in appellant's appeal, we reverse that portion of the circuit court order finding that the sentencing order included the probation order and hold that Willis was subject to a total term of five (5) years (including probation) as stated in the sentencing order.

FACTS
On May 6, 1983, the Lauderdale County Grand Jury for the May 1983 Term jointly indicted Lawrence Floyd Willis and others for the crime of possession of more than one ounce of marijuana with intent to sell. After filing several pretrial motions, Willis, represented by counsel, on June 21, 1984, filed a Petition to Enter Plea of Guilty. In said petition, sworn to and signed by Willis and witnessed his counsel, it was represented that Willis understood that he would plead guilty to the "possession" charge, that the district attorney would recommend a sentence of five (5) years, that another charge against Willis would be dismissed and that a charge against a co-indictee would be dismissed.
On June 21, 1984, Willis and his attorney appeared before Circuit Judge Lester F. Williamson and entered his plea. It was accepted by the Judge, who on June 22, 1984, entered an order setting sentencing for August 10, 1984.
The probation order, signed by Judge Williamson is marked "filed for record on August 13, 1984." The agreement contains a certification that a copy of the agreement "has been delivered to the Probationer, who has been instructed regarding the same." The certification is dated August 15, 1984, and contains the signature of "James M. Read[,] Probation Officer". It further contains the statement, "I accept the above probation in accordance with the terms thereof", followed by the handwritten name "Lawrence Willis" Probationer "by JMR on 8-20-84". (Emphasis added).
The probation order contains the following paragraph:
Therefore, for said offense and on said plea of guilty it is by the Court ORDERED AND ADJUDGED that the said Lawrence Willis be and he is hereby sentenced to serve a term of 5 year(s) in the Mississippi Department of Corrections with 2 year(s) suspended and 5 year(s) on probation under the supervision of the Mississippi Department of Corrections. After the said Lawrence Willis has completed service of 3 year(s) in the Mississippi Department of Corrections and is honorably discharged therefrom because of the expiration of sentence, the said Lawrence Willis will be thereby remanded to the supervision of the Mississippi Department of Corrections to complete the suspended portion of this sentence under the jurisdiction of the Court[,] (Emphasis added).
followed by fourteen conditions of probation.
Following the sentencing order in the Court file is a Commitment Order dated September 24, 1984, which recites "TERM OF SENTENCE 5 years with Ms Dept. of Corrections; 2 yrs. susp. & 5 yrs. probation; Serve 3 yrs; pay court costs & supervision fee". (Emphasis added).
The record reflects that Willis and his attorney Mr. Robert Jones appeared before Judge Williamson on August 10, 1984. On August 13, 1984, an order was filed, signed by Judge Williamson on August 10. Willis contends that this order sentenced Willis to five (5) years; suspended two (2) years of the sentence, but contained no five (5) year probationary term.
Willis contends that the probation agreement was prepared by the Department of Corrections three days after the sentencing order, that the sentence including (five) 5 *1045 years probation was erroneously inserted; and that the signatures of neither Willis nor Judge Williamson appear thereon.
Willis was released from Parchman on December 16, 1986. The D.O.C. was not aware, nor was Willis informed, of any probationary requirements. From the time of his release until February, 1988, Willis was not supervised by D.O.C.
On February 26, 1988, Willis was charged with an "independent felony." On February 29, 1988, the D.O.C. petitioned the court to revoke Willis' probation. These proceedings arise from that petition.

I.
Willis contends that the sentencing order of the court consisting of only one page subjected him to a five (5) year total term. He then states that the probation agreement, filed after the order, erroneously increased the sentence to include the five (5) years probation. His position is that the D.O.C., which filed the probation agreement, not the circuit court, imposed this longer sentence and only the court has the authority to sentence him.
He also contends that the handwritten addition plus the discrepancies between the order and probation agreement render the sentence ambiguous, citing Berryhill v. Berryhill, 198 Miss. 759, 23 So.2d 889 (1945), and that an indefinite and uncertain decree is rendered unenforceable.
The State's position is that the "order" consists of three pages including the agreement. The first page reflects the five (5) year sentence with two (2) years suspended conditioned by the sentencing order which contains the five (5) year probation.
This dispute, in and of itself, indicates that the sentencing order is ambiguous. As previously stated by this Court in Johnson v. State, 260 So.2d 436 (Miss. 1972) and Anderson v. State, 288 So.2d 852, 855, (Miss. 1974) "the ambiguity must be resolved in favor of the accused".
We find that the 1984 sentencing order imposed a sentence of five (5) years with the Mississippi Board of Corrections at Parchman, with two (2) years suspended.

II.
On examining the probation agreement, we notice that neither Willis nor his attorney of record signed the agreement. This agreement recites that the sentence was pronounced in open court on August 10, 1984, in the presence of the defendant and his attorney, that it was filed for record on August 13, 1984, and that it was signed by the Circuit Judge in open court and recorded on the minutes of the court. In addition, the order sets out the term and conditions of the probation. Finally, it contains the certificate of a probation officer that "a certified copy of this order has been delivered to the probationer, who has been instructed regarding the same." Thus the procedural requirement of the Mississippi Uniform Criminal Rules of Circuit Court Practice were met. However, Willis contends that he was never informed of the five (5) year probation. In support of his position is the evidence that the D.O.C. was not aware of the probation for over a year. Willis also presented witnesses who testified concerning standard procedures and practices in sentencing in Lauderdale County.
Much of the confusion and uncertainty about what actually transpired in negotiating and finalizing this agreement could have been alleviated by the simple act of obtaining either Willis' signature or that of his attorney on the agreement. Although we acknowledge the difficult role of the probation officer; and we believe Mr. Reed prepared and signed the agreement for Lawrence Willis in good faith, we are also mindful of the adversarial relationship inherent in the positions of probation officer vis a vis probationer.
In this dispute, touching on the freedom of an individual, we are reluctant to accept verification by an adversary that the probationer, Willis, was aware of and understood the terms of the agreement. We are also aware that circumstances may arise in which it is necessary for the probation officer to sign for the probationer. However, the better practice is for the probationer or his attorney to sign the acceptance.
*1046 The order of June 9, 1988, imposing an additional five (5) year probation to the 1984 order of conviction and sentence is vacated.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, P.J., and PITTMAN, J., not participating.