788 So.2d 868 (2001)
Will KING, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00639-COA.
Court of Appeals of Mississippi.
June 26, 2001.
*869 Dan W. Duggan Jr., Brandon, Attorney for Appellant.
Office of the Attorney General By Jean Smith Vaughan, Attorney for Appellee.
Before KING, P.J., LEE, and CHANDLER, JJ.
LEE, J., for the Court:
¶ 1. Will King was indicted by a grand jury in the Circuit Court of Coahoma County in a five count indictment for the sale of Schedule II controlled substances, MISS.CODE ANN. § 41-29-115(A)(a)(1) (Supp.2000), within 1500 feet of a school building, MISS.CODE ANN § 41-29-139(b) (Supp.2000), as an habitual offender, MISS. CODE ANN. § 99-19-81 (Rev.2000), and a second and subsequent offender, Miss. CODE ANN. § 41-29-147 (Rev.1993). In addition, Counts III and IV of the indictment contained an enhancement for the possession of a firearm, MISS.CODE ANN. § 41-29-152 (Supp.2000). King pled guilty in open court to the five counts and was sentenced to serve a total of thirty years in the custody of the Mississippi Department of Corrections, fined $5,000 for each count for a total of $25,000 and ordered to pay lab fees. In addition, his driver's license was suspended for six months for each count. MISS.CODE ANN. § 63-1-71 (Rev.1996). Aggrieved by the sentence and the validity of the guilty plea, King filed a motion in the Circuit Court of Coahoma County for postconviction relief under the Mississippi Uniform Post Conviction Collateral Relief Act, MISS.CODE ANN. §§ 99-39-1 to 99-39-29 (1994 and Rev.2000), which was denied. He appeals the denial of his motion, asserting that his guilty plea was involuntary and that the sentencing order is void because of an error in its wording. We have reviewed the record and affirm the trial court.

STANDARD OF REVIEW
¶ 2. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). "Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). Such findings are treated the same as findings of fact made by a trial judge sitting without a jury. As long as the correct legal standards were applied, the decision of the trial judge will not be reversed on appeal unless it is manifestly in error or is contrary *870 to the overwhelming weight of the evidence. Foster v. State, 639 So.2d 1263, 1281 (Miss.1994). Where conflicting testimony in the record has been resolved by the trier of fact, this Court generally must affirm. Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992). "It is enough to say that the [trial judge sitting without a jury], and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993). The trial judge's conclusions will not be disturbed on appeal where there is substantial supporting evidence in the record, even if we might have found otherwise as an original matter. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994).

ISSUES AND DISCUSSION

I. THE TRIAL COURT DID NOT ERR IN FINDING THAT KING'S PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED.
¶ 3. King argues that the trial court erred in not setting aside his guilty plea because his plea was not voluntary. The question of whether a plea was voluntarily and knowingly made is a question of fact. A plea is considered "voluntary and intelligent" if the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Id.
¶ 4. The trial court made findings in the order denying relief that the plea procedure was properly conducted. In addition, the record shows that the indictment was read aloud and King admitted to each of the counts, indicating on each count that he understood the charges against him quite well. When the trial judge explained the length of the maximum and minimum sentences of the crimes, King stated affirmatively that he understood. The trial judge explained to King that a sentence of 120 years and a four million dollar fine could be imposed for each of the five counts, and King assured the court that he still wanted to enter his plea. The transcript of the guilty plea hearing shows that King was questioned regarding his age and education, and the record indicates that the court was cautious in determining that King freely gave his plea and that he understood the nature of the charges and the consequences of the plea. He willingly waived his right to a jury trial and stated that the plea was not made under threats, promises or coercion. King stated that he understood he was waiving his constitutional rights, which the court specifically enumerated.
¶ 5. The trial judge stated that he was assured that King had not been threatened or coerced into pleading guilty and that he had received effective assistance of counsel. The court found that the plea was voluntarily and intelligently made. If the appeal of the dismissal of the petition for post-conviction relief presents the denial of a state or federal right, the petitioner is entitled to an in-court opportunity to prove his claims. Horton v. State, 584 So.2d 764, 767 (Miss.1991). The record reveals no flaws in the plea procedure. King did not show that he was denied a state or federal right so that he would be entitled to relief on the grounds that his plea was not entered knowingly.
¶ 6. We find that the trial judge applied the correct legal standards, that the record does not show that there has been manifest error, Foster v. State, 639 So.2d at 1281, and therefore affirm as to this issue.

*871 II. THE ERROR IN THE SENTENCING ORDER ON COUNT IV WHICH INCORRECTLY STATES THAT KING WAS CONVICTED OF THE SALE OF OXYCODONE INSTEAD OF HYDROCODONE IS HARMLESS.
¶ 7. King was indicted on and pled guilty to four counts for the sale of oxycodone and one count for the sale of hydrocodone, which was Count IV in the indictment. Both drugs are Schedule II controlled substances, MISS.CODE ANN. § 41-29-115(A)(a)(1) (Supp.2000), and an offense for the distribution or sale of either drug carries the same possible penalty as an offense for the distribution or sale of the other. The result is therefore the same as if the drug had been correctly stated as hydrocodone. This is a harmless clerical error which in no way resulted in prejudice to King. Grace v. Dogan, 151 Miss. 267, 283, 117 So. 596, 600 (1928).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.