DEAS *v.* PAYNE, SHERIFF, ETC.

No. 39748 October 24, 1955 82 So. 2d 894

*Cephus Anderson*, Hattiesburg, for appellant.

*Joe T. Patterson, Asst. Atty. Gen.,* Jackson, for appellee.

ARRINGTON, J.

The appellant, Edward L. Deas, filed application for writ of habeas corpus in the Chancery Court of Forrest County, Mississippi, against W. A. Payne, Sheriff, appellee, on the grounds that he was illegally confined and wrongfully deprived of his liberty as a result of his arrest under executive warrant of the Governor of this State issued August 17, 1954, upon the requisition of the Governor of the State of South Carolina dated August 9, 1954, for his extradition. After a full hearing, the relief prayed for was denied, the petition dismissed, and the appellant ordered delivered to the agent of the State of South Carolina. From this judgment appellant appeals.

The appellant on this appeal assigns as error (1) that the Governor of this State did not give appellant notice of the hearing, and (2) that he was forcibly returned to the State of South Carolina in March, 1954 against his will, and for this reason the court did not have jurisdiction, and that he is not a fugitive from justice.

The requisition papers for the extradition of appellant and the executive warrant of the Governor of Mississippi were introduced in evidence. Appellant is charged in the State of South Carolina with non-support and violation of probation, evidenced by certified copies of indictments, judgment and sentence, certified to be authentic by the Governor of South Carolina. The extradition papers are in proper form and meet all the requirements of Section 3182 of 18 U.S.C.A. Cf. Bishop v. Jones, 207 Miss. 423, 42 So. 2d 421.

The Governor of the State is not required to grant a hearing in extradition proceedings. Ex parte Walters, 106 Miss. 439, 64 So. 2. "The rule is well settled that under the Federal statutes, no hearing before the governor to whom the requisition is addressed and no notice to the person charged with the crime are required

as preliminary to the issuance of a warrant of extradition. To hold otherwise would often render the constitutional provision, as well as the statute passed to carry it out, entirely useless." 22 Am. Jur., Sec. 44, p. 281. See also Munsey v. Clough, 196 U.S. 364, 49 L. Ed. 515, 25 S. Ct. 282.

■■ There is no merit in the appellant's contention that the Court of South Carolina did not have jurisdiction for the reason that the appellant was forcibly carried to that State. ■■ It is likewise well settled that courts are not deprived of jurisdiction by the way in which it is acquired. ■■ "It is of no consequence that fraud, deceit, physical force, or any illegal means whatsoever has been employed to bring the person of the defendant within reach of the court. If the court lawfully acquires jurisdiction of his person after he is within reach of its process, the means used to bring him there will not be inquired into." 14 Am. Jur., Sec. 217, p. 919. Mayhon v. Justice, 127 U.S. 700, 32 L. Ed. 283, 8 S. Ct. 1204; Frisbie v. Collins, 342 U.S. 519, 96 L. Ed. 541, 17 S. Ct. 509. This Court held in the case of Roberts v. State, 186 Miss. 732, 191 So. 823, that the courts of this State were not deprived of jurisdiction of the person of accused who was apprehended in another state and over his protest was forcibly and unlawfully returned to the State.

■■ The appellant admits that he was in the State of South Carolina and was sentenced by the court there, and that upon being released from jail he returned to Mississippi. Having thereby violated his probation, he was subject to extradition. The judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P.J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.