267 So.2d 294 (1972)
Bobby Joe FABIAN
v.
STATE of Mississippi.
No. 46892.
Supreme Court of Mississippi.
October 2, 1972.
Rehearing Denied October 23, 1972.
Garner, Whitten & Garner, J.B. Love, Hernando, for appellant.
A.F. Summer, Atty. Gen., by Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of Clay County wherein Bobby Joe Fabian was convicted of armed robbery and sentenced to thirty years in the Mississippi State Penitentiary. From that verdict and sentence he appeals.
The appellant seeks reversal on three grounds, viz:
1. The Court erred in overruling appellant's motion to quash the indictment since the appellant did not consent to waive extradition to the state as to any crime but murder.
2. The Court erred in overruling appellant's motion for a change of venue due to pretrial publicity of the case, which had to prejudice the jury.
3. The Court erred in allowing D. Elmer Williamson to testify with regard to the pistol he found as the result of being told its whereabouts by the appellant, and in allowing the pistol to be introduced into evidence.
The record reflects that in May 1970 the appellant and two accomplices gained entrance to the home of L.W. Walker in West Point. While holding Mrs. Walker and a Miss Carrol at gunpoint, the trio stole certain monies and other valuables, including one.357 Magnum Smith & Wesson pistol. Approximately two weeks after this robbery Fabian was apprehended in *295 Louisiana in connection with a shooting incident in that state. Shortly after his incarceration, Fabian summoned a deputy sheriff and told him where several pistols could be found. Upon following the directions given by appellant, Deputy Williamson located these weapons and later ascertained that one of the pistols was that taken in the armed robbery in West Point.
In July 1971 the appellant waived extradition and was returned from the Louisiana State Penitentiary to Mississippi to stand trial for murder in Marshall County. For jurisdictional reasons this trial was discontinued and the defendant was returned to the Mississippi State Penitentiary. In August of that year, however, Fabian was indicted for armed robbery in Clay County and trial was set for October 14, 1971.
Less than twenty-four hours before the robbery trial the West Point newspaper published an article on its front page concerning this hearing. The report listed the names of the persons composing the special venire and gave a detailed account of the robbery. Also included was the fact that defendant was serving a life term for attempted murder in Louisiana and that a pistol allegedly stolen in the robbery was found in Fabian's car at the time of his arrest. The following day the defendant was tried and convicted of armed robbery.
The appellant first contends that he did not receive due process of law nor equal protection of law afforded by the United States Constitution since he was required to stand trial for a crime other than the one for which he was returned to this state. In adjudging this precise point, the United States Supreme Court decided in Lascelles v. Georgia, 148 U.S. 537, 546, 13 S.Ct. 687, 691, 37 L.Ed. 549, 552 (1893):
... [I]t would be a useless and idle procedure to require the state having custody of the alleged criminal to return him to the state by which he was rendered up in order to go through the formality of again demanding his extradition for the new or additional offenses on which it desired to prosecute him. The Constitution and laws of the United States impose no such condition or requirement upon the state. Our conclusion is that, upon a fugitive's surrender to the state demanding his return in pursuance of national law, he may be tried in the state to which he is returned for any other offense than that specified in the requisition for his rendition, and that in so trying him against his objection no right, privilege, or immunity secured to him by the Constitution and laws of the United States is thereby denied.
Furthermore, this Court stated in Deas v. Payne, 225 Miss. 168, 172, 82 So.2d 894, 895 (1955):
"... If the court lawfully acquires jurisdiction of his [the fugitive] person after he is within reach of its process, the means used to bring him there will not be inquired into." 14 Am.Jur., Sec. 217, p. 919. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541... .
We are of the opinion no error was committed in overruling appellant's motion to quash the indictment.
It is next argued by appellant that because of the newspaper article the defendant's case was prejudiced and a change of venue should have been granted. Mississippi Code 1942 Annotated section 2508 (1956) provides in part:
On satisfactory showing, in writing, sworn to by the prisoner, made to the court ... supported by the affidavits of two or more credible persons, that, by reason of prejudgment of the case, or grudge or ill will to the defendant in the public mind, he cannot have a fair and impartial trial in the county where the offense is charged to have been committed, the circuit court ... may change the venue in any criminal case to a convenient county... .
*296 The record reveals the appellant did not follow the statutory procedure. In Wilson v. State, 234 So.2d 303, 307 (Miss. 1970), we held:
... The motion for the change of venue was not in accord with the dictates of Mississippi Code 1942 Annotated section 2508 (1956) in that it was not supported by affidavits of two or more credible persons. This requirement is essential to the validity of the motion... .
Following Wilson we are of the opinion the appellant is without standing to raise this issue.
The appellant next suggests error was committed in allowing the introduction of the pistol into evidence. He relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), and contends that Deputy Williamson did not advise appellant of his constitutional rights. Looking to the record, however, it is ascertained that Williamson was requested by Fabian to come to the jail and upon doing so was advised where he might find some pistols. The deputy testified that he addressed no interrogatories to the defendant, but to the contrary Fabian gave him the information extemporaneously without any compelling influences. The Court in Miranda, in making an exception to the required warnings, stated:
... Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today. (384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726, 10 A.L.R. 3d at 1013)
In following the exclusionary portion of Miranda we are likewise obligated to follow the exception and have done so in the case of Boyles v. State, 223 So.2d 651, 654 (Miss. 1969), wherein we stated:
As is pointed out in the Miranda decision, supra, the purely voluntary and spontaneous admissions of a person who is in custody prior to interrogation are admissible... .
This Court further stated in Boyles, supra, citing Spurlin v. State, 218 So.2d 876 (Miss. 1969), and Nevels v. State, 216 So.2d 529 (Miss. 1968):
... [A] statement of an arrested person freely and voluntarily given, without compelling influences, is a recognized exception set out specifically under the Miranda rule. (223 So.2d at 655)
There being, in our opinion, no errors in the trial of this case, it is affirmed.
Affirmed.
RODGERS, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.