STATE OF NORTH CAROLINA v. SHERMAN W. MESSER

No. 7318SC396

(Filed 13 June 1973)

1. Criminal Law § 75— volunteered in-custody statement — admissibility
    In a prosecution for assault on a police officer, there was no
    error in the admission of defendant's volunteered statement while
    in custody, "I'm sorry the gun wasn't loaded, I'd have blowed your
    damn head off."

2. Assault and Battery § 14— assault on officer — pulling trigger of
    unloaded gun
    The State's evidence was sufficient for the jury in a prosecution
    for assault on a police officer where it tended to show that the
    officer had returned to his car after answering a call to go to
    defendant's home, that defendant came out of his house, pointed a
    shotgun directly at the officer and pulled the trigger but the gun
    did not fire, and that defendant later told the officer he was sorry
    the gun wasn't loaded or he would have blown the officer's head off.

APPEAL by defendant from Crissman, Judge, 13 November
1972, Criminal Session of Superior Court held in GUILFORD
County, Greensboro Division.

Defendant was tried on an indictment charging him with
the felony of committing an assault with a firearm upon a
police officer while such officer was in the performance of his
duties. G.S. 14-34.2.

Evidence for the State tended to show the following. A
police officer was dispatched to defendant's residence. When
defendant came to the door, the officer asked if there had been
any trouble. Defendant replied, "No." The officer apologized
for disturbing defendant, told him that he had been dispatched
because of a call and that since there was no trouble he would
be on his way. Defendant appeared to have been drinking but
was not drunk. He repeatedly demanded that the officer tell

him who placed the call. The officer explained that he had no way of knowing who placed the call. The officer started to leave and reached the driveway when defendant began to curse the officer and called him obscene names. The officer advised defendant to watch his language. Defendant turned and went inside the house. The officer got into his automobile, which was parked on the street, filled out his activity sheet and radioed communications to the effect that the call had been completed. The officer then observed defendant in the yard with a shotgun. Defendant raised the shotgun to his shoulder, pointed it directly at the officer and pulled the trigger. The officer heard the click of the hammer falling but the gun did not fire. Defendant opened the breech of the gun and then turned and started away. The officer, who had previously drawn his revolver, pursued defendant and caught him at the steps of the house. Defendant began to bring the shotgun to bear on the officer who then shoved the barrel away and jabbed defendant with his revolver. Defendant was then handcuffed and taken to the police station. He was not questioned by the police but, while at the station, was very boisterous and was making a lot of noise. Among other things, he spontaneously told the officer, "I'm sorry the gun wasn't loaded, I'd have blowed your damn head off."

Defendant's version of the events that took place after the initial conversation at the door is that he went inside and got his shotgun; that he got the gun to let the officer know that he meant business when he told him to leave; he unloaded the gun in the house and then went out in the yard wondering if there was trouble he did not know about. He thought the officer had gone and didn't see him again until the officer came up from behind and took the shotgun away.

The verdict was guilty as charged. Judgment imposing a thirty-months prison sentence was entered.

*Attorney General Robert Morgan by James E. Magner, Jr., Assistant Attorney for the State.*

*Wallace C. Harrelson, Public Defender, for defendant appellant.*

VAUGHN, Judge.

The Public Defender brings forward numerous assignments of error on behalf of the defendant. We hold as follows.

[1] Defendant's objections to the officer's testimony as to defendant's statement, "I'm sorry the gun wasn't loaded, I'd have blowed your damn head off," were properly overruled. "Volunteered statements are competent evidence, and their admission is not barred under any theory of the law, state or federal." *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208.

[2] The State's evidence made the case one for the jury. Defendant's assignments of error which relate to his motions for nonsuit, motion to set aside the verdict and the entry of judgment are overruled as are those directed to the charge of the court.

No error.

Judges CAMPBELL and HEDRICK concur.