SMITH, Justice:
Following his conviction of murder in the Circuit Court of Leflore County Lloyd Louis Cork was sentenced to life imprisonment in the penitentiary. He appeals.
On the night of the homicide Cork had been ejected from “Booker’s Cafe” by the proprietor, Booker Wright. It is unclear from the record what reason existed for this action on the part of Wright.
In putting Cork out, Wright struck Cork with a pistoL As he left Cork told Wright: “Wait until I come back.” Following this incident, Wright returned to his duties in the cafe. After a period of at least 15 minutes, and probably more than a half-hour, Cork, having armed himself with a shotgun, returned to the parking area in front of the cafe. There he was seen through the glass front door of the establishment carrying the shotgun. At this time, Wright was standing behind the counter in the cafe. Someone shouted “look out” and at that moment Cork fired his gun through the glass front door, striking Wright with a great many shot. It is impossible to be certain from the record whether there was only one shot or several. The extensive damage to Wright’s viscera, revealed by exploratory surgery at the hospital, seems to indicate that he had been shot more than once. Several other persons in the cafe were also struck and injured slightly by scattering shot. From the effects of his wounds, Wright died.
The next day, officers, who were acquainted with Cork, went to his home and called to him, identifying themselves. Cork came to the door and said “I’ve been expecting y’all.” As Cork started toward the car with the officers he pointed to his lip, which was swollen, and said “This is what the son of a bitch done.” When these statements were made, there had been no interrogation of Cork.
Two of the errors assigned deal with the sufficiency of the evidence to support the conviction. That is, it is argued that (1) Cork was entitled to a directed verdict of not guilty and (2) that the verdict of the jury was against the overwhelming weight of the evidence.
On these points, the jury was justified in finding from the evidence that Cork left the cafe for the purpose of arming himself and, having armed himself, returned, and, from outside, had shot Wright through the glass of the front door at a time when the latter was attending to his duties in the cafe, standing behind the counter, and unaware that Cork had come back. Evidence of these facts justified a conclusion on the part of the jury that the killing had been intentional and the result of deliberate, preconceived malice on the part of Cork and was murder.
There is no claim that Cork, in killing Wright, acted in self-defense or that he had any legal excuse or justification whatever for the killing. It is contended, however, that the trial court erred in refusing to grant an instruction requested by Cork defining manslaughter and authorizing his conviction of that lesser offense. The theory of appellant on this point is that the ejection of Cork by Wright and the hitting of Cork by Wright as he put Cork out, constituted a sufficient basis for a finding by the jury that the homicide had been committed by Cork in the heat of sudden passion.
Cork did not testify. The time interval, considered with the uncontroverted facts that Cork had armed himself and had returned to the cafe, and had fired at Wright from outside, through the door, at a time when Wright long since had returned to his work and was inside, behind the counter, are circumstances denoting a *166 planned, deliberate, assassination and are inconsistent with homicide committed in the heat of sudden passion.
Moreover, the manslaughter instruction was not correlated with two other instructions granted at appellant’s request which left the jury the alternatives of “murder or nothing.” These instructions told the jury:
The court instructs the Jury for the defendant, that it is not incumbent upon the defendant to show how the deceased came to his death; in fact, there is no duty resting upon defendant to make any sort of proof, and until and after the Jury shall have been satisfied from all the evidence beyond a reasonable doubt and to a moral certainty that he knowingly, wilfully and maliciously shot the deceased for the purpose and with the intention of committing murder, and unless the state has done this to your satisfaction and beyond every reasonable doubt and to a moral certainty, then you should not hesitate to bring in a verdict of not guilty.
The Court instructs the Jury for the defendant, that intent is a necessary element of the crime charged in the indictment, and unless you believe from the evidence that the State has proved beyond every reasonable doubt that the defendant intended and did take the life of Booker Wright with malice aforethought, then it is your sworn duty to find the defendant not guilty.
These instructions are inconsistent with the requested manslaughter instruction and leave the jury no alternative, but to acquit, if they should find the defendant not guilty of murder!
Finally, it is argued that statements made by Cork when he greeted the officers at his door, “I’ve been expecting y’all,” and, as he went to the car, “This is what the son of a bitch done,” were made before the Miranda warnings had been given 'and therefore, should not have been admitted into evidence. Both of these statements were made spontaneously and voluntarily and before any interrogation of Cork whatever by the officers. The court correctly admitted this evidence which does not fall within that category of confessions or admissions condemned in Miranda.
As said by the Fifth Circuit Court of Appeals:
The Constitutional rights of Barnette did not require the agents to seal his lips or gag him in order to prevent him from making the statement.
(Posey v. United States, 416 F.2d 545, 550 (5th Cir. 1969).
See also Fabian v. State, 267 So.2d 294 (Miss.1972); Dillard v. State, 254 So.2d 887 (Miss.1971); Boyles v. State, 223 So. 2d 651 (Miss.1969); Nevels v. State, 216 So.2d 529 (Miss. 1968); United States v. Cobbs, 481 F.2d 196 (3rd Cir. 1973); State v. Messer, 18 N.C.App. 471, 197 S.E.2d 37 (1973); Murdock v. State, 512 P.2d 1392 (Okl.Cr.1973); People v. Hicks, 44 Ill.2d 550, 256 N.E.2d 823 (1970); Andrews v. State, 455 P.2d 741 (Okl.Cr.1969); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
We have read and carefully considered the entire record in this case and find that the evidence amply supports the verdict of the jury convicting appellant of murder in connection with the slaying of Wright. We find no prejudicial error in the trial of Cork and the conviction and sentence appealed from must, therefore, be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER and SUGG, JJ., concur.