**Percy L. GOOD, Plaintiff,**

v.

**Bill ALLAIN, et al., Defendants.**

**Civ. A. No. J86–0256(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 29, 1986.

Percy Good, pro se.

Robert L. Gibbs, Asst. Atty. Gen., Jackson, Miss., for defendants.

### MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment under Fed.R.Civ.P. 56. This Court finds that the Plaintiff has failed to state a claim upon which relief can be granted by this

Court at this time, and a judgment must be rendered for the Defendants dismissing this action.

On or about February 5, 1983, the murder of Verlene Carol Williams occurred in Hennepin County, Minnesota. Percy L. Good, the Plaintiff in this action, was indicted for this murder in Minnesota on January 29, 1985, but prior to his trial he fled to Mississippi. Subsequently Good was sentenced to the Mississippi State Penitentiary for another crime not relevant to this action. While Good was incarcerated in Mississippi, the Governor of Minnesota issued a requisition to the Governor of Mississippi, Bill Allain, Defendant herein, for Good's return to Minnesota. Pursuant to the request for the requisition, Governor Allain and the Governor of Minnesota entered into an executive agreement. This agreement stated that Good had been charged with murder in Minnesota, but had fled that state prior to his trial. The agreement further stated that Good was in prison in Mississippi and would not be released for a considerable length of time, and that the prosecuting authorities for Minnesota wanted to bring Good to trial as early as possible. The agreement provided that Good would be returned to the State of Minnesota for his murder trial prior to completing his term in the Mississippi State Penitentiary. Once Good's prosecution was completed in Minnesota, he would be returned to Mississippi to complete his sentence. Pursuant to this executive agreement, Governor Allain authorized the Superintendent of the Mississippi State Penitentiary, Donald Cabana, to release Good into the hands of the appointed agents of the State of Minnesota. Good was so released to the Minnesota agents on May 17, 1985. Following his trial and conviction for murder in Minnesota, Good was returned to the Mississippi State Penitentiary pursuant to the executive agreement.

Good, as a pro se Plaintiff, now brings this civil action pursuant to 42 U.S.C. § 1983 (1981), against Bill Allain, Governor of the State of Mississippi, Morris L. Thigpen, Commissioner for the Mississippi Department of Corrections, and Donald A. Cabana, Superintendent of the Mississippi State Penitentiary. The Complaint states two claims as the basis for a damage recovery:

(1) The purported "Executive Agreement" between the State of Mississippi and the State of Minnesota, said to have secured Petitioner's (sic) extradiction (sic), was authorized without legal authority by the State of Mississippi or the State of Minnesota.

(2) The Petitioner was returned to the State of Mississippi without being afforded any opportunity to contest his return in a court of law, or to appeal to the Governor of Mississippi or the Governor of Minnesota.

Giving a liberal reading to this Complaint, this Court believes the Plaintiff is claiming that his extradition violated his rights on the basis that there was no statutory authority for the executive agreement and that he should have been afforded a pre-transfer evidentiary hearing and a hearing prior to his return to Mississippi.

Interstate extradition of a fugitive is a matter of federal law originating from the United States Constitution.

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2. Congress has enacted a general extradition law to effectuate this constitutional provision and to prescribe the procedure to be followed by officials of the demanding and asylum states.

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charg-

ing the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182 (1985). Any other procedures for extradition are a matter of state law, and Mississippi has enacted *Miss. Code Ann.* §§ 99–21–1 to –11 (1972), outlining other procedures for arresting fugitives from other states. Although the state procedures are addressed to "conservators of the peace," nevertheless, Section 99–21–9 does provide that "any such person [fugitive] may at any time be taken into custody by any person authorized by the governor of this state, and such taking into custody shall be a discharge from any bail he may have given." Moreover, forty-eight states have adopted the Interstate Agreement on Detainers, *see* 18 U.S.C.App. § 2, and the Uniform Criminal Extradition Act which provide for more detailed procedures for handling extraditions. However, Mississippi is not among these adopting states.

In the present case the Governor of Minnesota sent a copy of a murder indictment, which he certified as authentic, along with a requisition to the Governor of Mississippi. Several months later this was followed by the executive agreement concerning the pending charge against Good and his return to the State of Minnesota. Here it is evident that the Governor of Minnesota, the Governor of Mississippi, and the Superintendent of the Mississippi State Penitentiary complied with the appropriate procedures for extradition to which Mississippi must adhere. The executive agreement was pursuant to the U.S.Const. art. 4, § 2,

cl. 2 and 18 U.S.C. § 3182. The agreement specifically made a demand on the executive authority of Mississippi to deliver Percy L. Good for his return to Minnesota so that Good could be tried under the indictment for a felony in Minnesota. The Governor of Mississippi duly authorized the Superintendent of the Mississippi State Penitentiary to cause Good to be arrested and secured and authorized him to deliver Good to agents of the State of Minnesota. The agents took him less than 30 days from the time of the arrest on the indictment from Minnesota as provided by the statute.

Although evidentiary hearings are provided for in the Uniform Criminal Extradition Act, *see Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), Mississippi has not adopted this Act and still proceeds under the Constitutional provision and 18 U.S.C. § 3182 for extradition. Mississippi state law does not provide a fugitive with a right to a hearing. Furthermore, a person is not entitled to a pre-transfer evidentiary hearing under Section 3182. *Pettibone v. Nichols,* 203 U.S. 192, 204–05, 27 S.Ct. 111, 114–15, 51 L.Ed. 148 (1906); *Gibson v. Beall,* 249 F.2d 489, 489 (D.C.Cir.1957); *U.S. v. Superintendent of County Prisons,* 111 F.2d 409, 411 (3rd Cir.1940); *Horne v. Wilson,* 306 F.Supp. 753, 754–55 (E.D.Tenn.1969); *Deas v. Payne,* 225 Miss. 168, 82 So.2d 894, 895 (1955). To contest the legality of his arrest under the governor's warrant, Good could have brought a habeas corpus petition at that time. Even if Good should have received a hearing, all that the hearing could encompass would be whether a crime had been charged in the demanding state, whether the individual in custody was the person so charged, and whether the individual was a fugitive from the demanding state. *Garrison v. Smith,* 413 F.Supp. 747, 752 (N.D.Miss.1976). The Governor of Mississippi obviously made a determination as to these issues when he signed the executive agreement acknowledging Good was charged with murder in Minnesota, that he was the person named in the indictment

and requisition, and that he was a fugitive from Minnesota.

 There is ample legal authority for the executive agreement between the governors of Minnesota and Mississippi. Since the state officials complied with the extradition process, the Plaintiff's federal rights were not violated and no cause of action is stated for a Section 1983 action. The Plaintiff has failed to state a claim upon which relief can be granted and his first claim must be dismissed on this basis.

The Plaintiff's second claim in his Complaint concerns his return to the State of Mississippi to complete his sentence in the Mississippi State Penitentiary. The Plaintiff claims he was not afforded any opportunity to contest his return. An evidentiary hearing is also not required under 18 U.S.C. § 3182 prior to the fugitive's return to the asylum state where he was serving a sentence. Good was returned to complete his sentence for his Mississippi conviction. If, in fact, the Plaintiff is contesting the validity of the fact or duration of his confinement in the Mississippi State Penitentiary based on his Mississippi conviction, then this, in reality, is a habeas corpus petition. Since there is no showing that the Plaintiff has exhausted his state remedies as required by 28 U.S.C. § 2254, the Plaintiff should present his claims in state court.

For the foregoing reasons the Complaint against the Defendants should be dismissed.