**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 9, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-60378
Summary Calendar

JAMES EARL ELLIS, SR.,

Plaintiff-Appellant,

versus

JOHNNY HARGROVE, Chief of Police, Winona, Mississippi Police
Department, in his personal and professional position and the
City of Winona, Mississippi; JERRY YATES, Sergeant Major,
Carroll-Montgomery Correctional Facility, in his personal and
professional position and the County of Carroll, Mississippi and
the Carroll-Montgomery Correctional Facility; THE TOWN OF WINONA,
MISSISSIPPI; THE TOWN OF VAIDEN, MISSISSIPPI,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-182-PB
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Earl Ellis, Sr., appeals the district court's
dismissal of his 42 U.S.C. § 1983 complaint for failure to state a
claim upon which relief may be granted pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure. Ellis argues that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unlawfully extradited to Florida without a hearing; he was unlawfully held for 47 days before being extradited; he was not finger-printed, photographed, or interviewed by a criminal investigator; and the defendants coerced him into signing a waiver of extradition by placing him in administrative segregation, denying him telephone calls and visitors, and verbally abusing him. Ellis has not shown that the defendants violated his constitutional rights by holding him for 47 days or by extraditing him without a hearing as the U.S. Constitution, 18 U.S.C. § 3182, and Mississippi law do not mandate the release of a fugitive after 30 days and do not mandate a hearing prior to extradition. See U.S. Const. Art. IV, § 2, cl. 2; 18 U.S.C. § 3182; Miss. Code Ann. §§ 99-21-1 to 99-21-11 (1972); Good v. Allain, 646 F. Supp. 1029, 1031 (S.D. Miss. 1986), aff'd in part and modified on other grounds in part, 823 F.2d 64, 66 (5th Cir. 1987). Ellis has not shown that he had a constitutional right to be finger-printed, photographed, or interviewed by a criminal investigator. Ellis has not shown that his constitutional rights were violated because he was held in administrative segregation and was not allowed telephone calls and visitors. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Further, verbal abuse does not rise to the level of a constitutional violation. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002). Because Ellis can prove no set of facts which would entitle him to relief, the district court did not err in

dismissing his complaint for failure to state a claim upon which relief may be granted.

For the first time on appeal, Ellis states that he was also denied contact with an attorney. "'The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

**AFFIRMED.**