# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00389-COA

**RONALD DAVID WRIGHT A/K/A RONALD**  **APPELLANT**
**WRIGHT A/K/A RONALD D. WRIGHT A/K/A**
**ROBERT WRIGHT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:            02/24/2016
TRIAL JUDGE:                 HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      RONALD DAVID WRIGHT (PRO SE)
ATTORNEYS FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                             BY: KAYLYN HAVRILLA MCCLINTON
                                 JASON L. DAVIS
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DENIED
DISPOSITION:                 AFFIRMED - 02/14/17
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.    In 2012, Ronald Wright pleaded guilty to the charge of sexual battery and was sentenced to twenty-five years, with ten years suspended and fifteen years to serve. Wright now appeals the trial court's denial of his motion for post-conviction relief, in which he argued that his plea should be set aside due to ineffective assistance of counsel, that his extradition from Ohio was improper, and that the sentencing judge was biased against him as evidenced by the fact that he received a higher sentence than that recommended by the

State. Finding no error, we affirm the denial of post-conviction relief.

## FACTS AND PROCEEDINGS BELOW

¶2.     In 2008, Wright was indicted for sexual battery in Harrison County. At the time of indictment, Wright had relocated to Ohio. Wright was arrested in September 2008 when Ohio law enforcement pulled him over for a traffic violation and discovered his outstanding Mississippi warrant. Wright declined to waive extradition, and an Ohio court ordered extradition proceedings to begin. However, the State of Mississippi informed Ohio that it did not want to extradite Wright. Wright was therefore released.

¶3.     Wright was arrested again in January 2012, and again ordered released due to Mississippi's decision not to extradite him. In January 2012, the Harrison County District Attorney's office sent a letter to the United States Marshals Service stating "please accept this letter as your assurance that Harrison County, Mississippi[,] will extradite Ronald David Wright to Mississippi if he is apprehended in Ohio on the warrant that is now outstanding in Harrison County . . . ." Wright was arrested again in Ohio in March 2012. An extradition hearing was held at which Wright was represented by an attorney. The Ohio court entered an extradition order, which stated in part:

> Captain David Cline, of the Paulding County Sheriff's Office, has provided an email from Charles E. Wood, Senior Assistant District Attorney[,] Second Circuit Court District of Mississippi, with the confirmation that the State of Mississippi, Harrison County, will extradite Ronald David Wright.
>
> . . . .
>
> The Defendant shall be extradited to the State of Mississippi. The Defendant shall be held by the Paulding County Sheriff Office until extradition is complete by the State of Mississippi.

Wright was brought back to Harrison County, where he entered into a guilty plea in November 2012.

¶4.     At the beginning of the plea hearing, the judge informed Wright that he had been an assistant district attorney at the time Wright was indicted, but that he did not recognize Wright or the facts of his case. The prosecutor reviewed Wright's file and announced that the judge had not been involved in prosecuting Wright's case. The judge stated:

> Mr. Wright, you heard the announcement that I had no involvement in the handling of your case. There are certainly three other judges that could preside over your plea. The choice is yours. I feel confident you've discussed this with your attorney. However, if you feel that you need more time to discuss it with your attorney, simply let me know because ultimately I'm going to ask if you want to go forward with me as the presiding judge over your plea.

Wright responded that he wished to proceed with the plea. The court asked Wright, "Are you satisfied with the services of your attorney?" To which Wright replied, "Yes, I am, sir." The court asked Wright:

> Do you understand that it's the court, me, who would determine the sentence you would receive if you plead guilty? I do understand that your attorney may have had negotiations or discussions with the prosecutor who's handling your case as to a recommendation they may or may not make to me as to the specific sentence you should receive if you plead guilty.
>
> Do you understand that that's all it is[–]a recommendation[–]and I'm not obligated to follow it? I can go above it or below it.

Wright answered "yes," and the court proceeded to inform him that the minimum sentence was twenty years, that the maximum sentence was life, and that the sentence would be without the possibility of parole.

¶5.     Wright entered the guilty plea and was sentenced to twenty-five years, with ten years

3

suspended and fifteen years to serve. The State had recommended a sentence of twenty years, with eight years suspended and twelve to serve. Wright filed the instant motion for PCR in February 2016, attacking the validity of his extradition and guilty plea. He attached to his motion the 2008 and 2012 Ohio orders to release him due to Mississippi's decision not to extradite him, the letter from the Harrison County District Attorney to the U.S. Marshals Service, the Ohio court extradition order, and a response letter from the Mississippi Department of Corrections stating it was unable to find a governor's warrant in Wright's files following his request for them in preparation for his PCR motion. In a detailed order, the trial court denied relief.[1] Wright appeals.

## DISCUSSION

### I. Wright fails to demonstrate that he is entitled to an evidentiary hearing on whether he received ineffective assistance of counsel.

¶6. Wright argues that his plea was not knowingly and intelligently made due to his attorney's failure to investigate his case. He asserts that an investigation would have revealed that he had moved from Gulfport to Laurel by the time of the offense, that the victim's grandmother had a personal dispute with him due to his not paying her rent on time, that a registered sex offender was also friends with the victim around that time, and that his attorney told him he had to take the guilty plea or that he would be sentenced to life.

¶7. To prove ineffective assistance of counsel, a defendant must demonstrate that (1) the counsel's performance was deficient and (2) the deficient performance prejudiced the

---

[1] The trial court noted that, while Wright filed outside of the three-year PCR limitations period, he raised issues affecting fundamental rights, requiring an examination of the merits.

defense. *Strickland v. Washington*, 466 U.S. 668, 678-91 (1984). In the context of a plea bargain, "a voluntary guilty plea waives claims of ineffective assistance of counsel, 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014). Wright must therefore show that "his counsel's 'conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea.'" *Id*. at (¶11) (quoting *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006)). In the context of post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995).

¶8. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. A counsel's decision not to investigate can be reasonable when a defendant's strategy is to pursue a plea deal rather than defend at trial. *Jackson v. State*, 122 So. 3d 1220, 1228 (¶39) (Miss. Ct. App. 2013).

¶9. Here, Wright and his counsel elected to pursue a plea strategy. Wright has failed to demonstrate how his counsel's alleged failure to investigate was unreasonable or that, but for his attorney's conduct, he would have gone to trial, and the outcome would have been different. Wright's having moved from Gulfport to Laurel at the time the crime occurred is not a circumstance precluding him from having committed the crime alleged in the indictment. This issue is without merit.

## II. Mississippi had jurisdiction to prosecute Wright regardless of any procedural irregularities in his extradition process from Ohio.

¶10.    Wright argues that his extradition from Ohio was improper due to the absence of a

request from Mississippi's executive that he be extradited.

> Extradition procedures are controlled primarily by Federal statutes. These
> statutes are based upon Article 4, Sec. 2, clause 2, of the United States
> Constitution, which provides that "A Person charged in any State with
> Treason, Felony, or other Crime, who shall flee from justice, and be found in
> another State, shall on Demand of the executive Authority of the State from
> which he fled, be delivered up, to be removed to the State having Jurisdiction
> of the Crime."

*Loper v. Dees*, 210 Miss. 402, 410, 49 So. 2d 718, 720 (1951) (internal citation omitted).

Section 3182 of the United States Code (2012) "requires that the executive authority of the

demanding state must produce a copy of the indictment or affidavit charging the fugitive with

the crime" to support the issuance of a requisition warrant by the asylum state. *Loper*, 210

Miss. at 411, 49 So. 2d at 721.

¶11.    The appropriate forum for a prisoner to object to a state's lack of compliance with

extradition law is in the asylum state. *Godsey v. Houston*, 584 So. 2d 389, 391 (Miss. 1991);

*Ex parte Walters*, 106 Miss. 439, 64 So. 2, 4 (1914) ("A proceeding by habeas corpus in a

court of competent jurisdiction is appropriate for determining whether the accused is subject,

in virtue, of the warrant of arrest, to be taken as a fugitive from the justice of the state in

which he is found to the state whose laws he is charged with violating.").

¶12.    An individual does not have a constitutional right to asylum, and even where the

individual is extradited by improper or illegal means, a state has the authority to arrest and

prosecute him if he is found within its borders for crimes committed in the jurisdiction.[2]

---

[2] Federal courts have created a narrow exception to this principle in cases where the
extradition involves egregious conduct by those conducting the extradition. In such extreme

*Mahon v. Justice*, 127 U.S. 700, 708 (1888); *Roberts v. State*, 186 Miss. 732, 732, 191 So. 823, 823 (1939); *see also Fabian v. State*, 267 So. 2d 294, 295 (Miss. 1972). Where a court has personal and subject-matter jurisdiction over a defendant at the time he voluntarily enters a guilty plea, the plea cannot be attacked for lack of jurisdiction due to an improper extradition. *Kelly v. State*, 913 So. 2d 379, 382 (¶3) (Miss. Ct. App. 2005).

¶13. It appears possible from the documents attached to Wright's motion that Mississippi's executive never requested Wright's extradition, and that a governor's warrant was never issued by the executive of Ohio. Regardless, once physically present in Mississippi, Wright was subject to arrest and prosecution for crimes committed within the state. Our jurisprudence has long followed the familiar principle that "[t]he jurisdiction of a court in which an indictment is found or an accusation is lodged is not impaired by the manner in which the accused is brought before the court." *Mahon*, 127 U.S. at 708. Additionally, Wright waived any challenge to his extradition by entering a guilty plea and raising the issue for the first time on a motion for PCR. Wright's assertions that his extradition was improper do not present grounds for relief from his conviction.

### III. Wright waived any requirement that the sentencing judge recuse and has not demonstrated bias in sentencing.

¶14. Wright argues that the judge who accepted his guilty plea should have recused himself because he had been an assistant district attorney in Harrison County at the time Wright was

---

cases, the remedy is to quash the indictment. *United States v. Wilson*, 732 F.2d 404, 411 (5th Cir. 1984) ("[U]nless the government conduct in securing custody of the defendant is shocking and outrageous, the court should not dismiss the indictment on a due process basis.").

indicted, and that the judge demonstrated bias against Wright by imposing a twenty-five-year sentence, with fifteen years to serve, rather than the State's recommended twenty years, with twelve years to serve. Disqualification is required "where the judge may have been of counsel." *Banana v. State*, 635 So. 2d 851, 853 (Miss. 1994). However, conflicts that would normally require disqualification can be waived "by the consent of the judge and of the parties."[3] *Id*. (defendant waived objection to former district attorney presiding over his plea hearing by entering a voluntary plea and specifically stating after conferring with counsel that he did not object to judge sitting over his case); *see also Jenkins v. State*, 570 So. 2d 1191, 1192 (Miss. 1990).

¶15. At Wright's plea hearing, the judge informed Wright that he had been an assistant district attorney at the time of Wright's indictment, but that he had not worked on Wright's case. He further informed Wright that three different judges were available to preside if Wright preferred. The judge offered Wright additional time to discuss the matter with his attorney. Wright stated that he wished to go forward with the plea. Wright was informed of the minimum and maximum possible sentences, and that the judge had the discretion to impose a sentence other than what the State recommended. Wright waived any conflict of interest and moreover has not demonstrated that he was subject to bias from the sentencing judge. This issue is without merit.

---

[3] An initial waiver does not extend to subsequent post-conviction-relief proceedings. *Holmes v. State*, 966 So. 2d 858, 861 (¶11) (Miss. 2007) (judge formerly involved in prosecuting defendant's case had obligation to recuse from presiding over PCR proceedings even though defendant had previously waived conflict of interest to allow same judge to preside over plea hearing). This issue is not relevant to the case at hand because different judges presided over Wright's plea hearing and the current PCR proceedings.

## CONCLUSION

¶16.    The trial court did not err in denying Wright's PCR motion.

¶17.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**